Argument of Appellant.

# SMITH *v.* COX.

### PRACTICE—IMMATERIAL ERROR NOT GROUND FOR REVERSAL OF JUDGMENT.

Where the plaintiff claimed $2,500 damages, the defendant admitted $2,000, and the plaintiff obtained a verdict and judgment for the latter sum only, an error of the court below, in rejecting certain testimony offered by the defendant to reduce the amount of damages claimed, did not prejudice the defendant's rights, and is no ground for reversal.

### FRAUD AND MISREPRESENTATION.

S. sued C. and son, on a bond given by them to secure a conveyance of title to land, and to recover damages for a breach of its conditions. C. defended on the grounds that the bond described a different tract than he intended, and also bound him for the conveyance of a different interest in the land than he intended and understood he was binding himself to convey. That he believed when he executed the bond, it only covered a certain tract previously sold to plaintiff by the son, G. W. Cox, for his own benefit, and only bound him to convey his interest therein; that this belief was induced, and his signature to the bond obtained, by the false and fraudulent representations of the plaintiff's agent, made in his presence and hearing, without correction; that the bond only bound him to the extent indicated: *Held*, That testimony, showing that G. W. Cox, at the time he sold the land to plaintiff, went with him and pointed out the boundaries, and that the tract so sold was not the tract described in the bond, was admissible upon the question of fraud. It was a fact tending, at least, to prove that plaintiff knew, at the time the alleged misrepresentations were made, that they were false, and thereby establishing their fraudulent character, which was essential to the defense at law.

APPEAL from Marion. The facts are sufficiently stated in the opinion.

*N. B. Knight*, for appellant, Gideon S. Cox.

Submits that in the investigation of fraud, courts are, and should be, very liberal in the receipt of evidence. Any and all circumstances, however slight, which tend in the least to disclose the true character of the transaction, should be permitted to go to the jury. (Bigelow on Frauds, section 4, p. 476.)

A person dealing with an unlettered man, who can neither

read nor write, and taking from him a promissory note for the payment of money, and a deed for property in trust to secure its payment, is bound to show, when he seeks to enforce them, that they, or the material parts of them, were read and fully explained to the party before they were executed, and that he fully understood their meaning and effect. (*Selden* v. *Myers*, 20 How., 506.)

*Bonham & Ramsey*, for respondent.

The contract being in writing, it is the best evidence as to what land the witness contracted to sell and convey. It is not competent, *in law*, to show any mistake in the written bond. (*Webb* v. *Rice*, 6 Hill, 219; *Patchin* v. *Pierce*, 12 Wend., 61; 8 Johnson, 375; *Pierson* v. *Cahill*, 21 Cal., 122; *Taylor* v. *Baldwin*, 10 Barb., 582; *Hoxie* v. *Hodges*, 1 Oregon, 251; 1 Greenleaf on Evidence, section 275; Willard's Eq. Jur., p. 73.)

By the Court, WATSON, J.:

This is an action for damages for a breach of the condition of a title bond, executed by the appellant and his son, G. W. Cox, in favor of the respondent, in the sum of $4,000. The condition alleged to have been broken was, that G. W. Cox should, on or before the 2d day of January, 1880, execute, according to law, to the respondent, and his heirs and assigns, a good and sufficient deed of conveyance of the S. E. ¼ of the donation land claim of Gideon S. Cox and wife, in T. 6, S. R., 1 W., Will. Mer., containing 160 acres, conveying to the respondent the title, in fee simple, of said land, free from all incumbrances, containing a general warranty and the usual full covenants. The damages were laid at $2,500, and respondent recovered a verdict and judgment for $2,000. The appeal is from this judgment.

Appellant assigned various errors in the rulings below at the trial, in reference to the admission of evidence and instructions to the jury, as grounds for a reversal. We shall confine our attention to the points relied upon by his counsel

at the hearing. The first of these is, that the court erred in rejecting certain testimony offered by the appellant to reduce the amount of damages claimed by the respondent. As the appellant admitted, in his answer to the complaint, that the respondent paid G. W. Cox $2,000 for the premises, and the verdict was for that amount only, he was not injured by the ruling, however erroneous. As the respondent himself admits, in his testimony embodied in the bill of exceptions, that he only paid $2,000 for the land, and does not charge G. W. Cox with any fraud or misconduct in the transaction, we conceive his recovery, in any event, could not exceed the amount so paid, with legal interest.

We do not question the correctness of the general principle contended for by appellant's counsel, that in an action of this nature, where there is an issue in the pleadings as to the amount of the consideration paid, parol evidence is admissible to show the amount actually paid, to fix the measure of recoverable damages. (Sedgwick on Damages, 193 and 194.) But as the ruling could not have prejudiced the appellant, it is no ground for a reversal.

The second point is upon the refusal of the court to allow the appellant to propound either of the three following questions to G. W. Cox, a witness produced and sworn on his behalf, at the trial. First: " What land did you contract to sell and convey to the plaintiff?" Second: " State whether at the time you sold your land to the plaintiff, you went with him over the place and showed him the boundaries of the land." Third: " Does this bond, sued on, describe the land you sold to the plaintiff?" Each of these questions was objected to by the respondent as incompetent, immaterial and irrelevant, and the objections sustained and exceptions duly taken.

The appellant's defense to the action rested upon the allegations in his answer, showing that he had been induced, by certain fraudulent representations chargeable to the respondent, to execute the bond sued on. He claimed that by reason

of certain family arrangements, G. W. Cox had become mor-
ally entitled to a certain tract of land, and that he had been
in the actual possession and enjoyment of it since October 6,
1866.   That this tract was composed of 142.21 acres of the
S. E. $\frac{1}{4}$, and 17.77 acres, adjoining, from the S. W. $\frac{1}{4}$ of said
donation claim.    In the former—which was a portion of his
deceased wife's half of said claim—he held a life estate as
tenant by the curtesy, and in the latter—which was a portion
of his half of the claim—he owned the fee.    That G. W. Cox
sold the respondent this tract so composed, and he was willing
to quit-claim his interest therein, without any consideration,
to the respondent, as the vendee of G. W. Cox.    That some-
time after the sale, at the request of G. W. Cox, he went to
Silverton for this purpose.    That he was there informed by
the respondent's agent that the deed could not be executed
until the 1st of January, 1880, and was also informed, at the
same time by said agent, in the presence and hearing of the
respondent, that the bond sued upon, which had been pre-
pared by said agent, and was then presented to him for his
signature, was only to secure a deed of his interest in said
land, on said 1st day of January, 1880, and that relying upon
and induced by these representations, which were both false
and fraudulent, he executed such bond, and that he would not
otherwise have done so.    The appellant was about seventy-
five years old at the time, and could neither read nor write.

We think the testimony of the appellant at the trial as
shown by the bill of exceptions, taken in connection with
the other evidence given on his behalf, does show that such
was his intention and understanding, and that the bond did
not correctly describe either the premises or the interest he
believed he was binding himself to convey, or cause to be
conveyed to the respondent, and that the representations
alleged to have been made by the respondent's agent, and
which he testified were made, if made, were false.   His testi-
mony, then, tending to prove that the representations were
made, and if made, being false, in order to make out a com-

plete defense, at law, as we held when this case was before us on a previous occasion, it was incumbent on him to show by competent and satisfactory evidence, that the respondent knew they were false, at the time, to establish their fraudulent character.

Now, it does seem quite clear to us, that, if it could have been shown by competent and satisfactory evidence that G. W. Cox, when he made the sale to respondent, went with him and pointed out the boundaries of the premises intended to be conveyed, and that the tract so sold and pointed out differed materially from the tract described in the bond, as was claimed by the appellant, these facts would afford some grounds for inferring that when he stood by and heard the false representations alleged to have been made by his agent, without objection or correction, that he knew they were false, and only remained silent that he might reap the benefit from the imposition and fraud which he knew was being practised upon the appellant in his interest. These would be circumstances, not only proper to go to the jury upon the question of fraud, but, as we conceive, of the highest importance to the appellant in maintaining his defense, resting, as it did, solely upon that ground. Such testimony, it was the plain purpose of the questions, which were ruled out, to elicit; and in our judgment, this exclusion was error, which renders a reversal of the judgment unavoidable.

There is no ground for the suggestion, on behalf of the respondent, that the discrepancy, if satisfactorily made out, would show a benefit rather than an injury to the appellant. If he was fraudulently induced by the respondent, or his agent, to bind himself for the conveyance of different premises than he intended, it matters not which would reap an advantage from the alteration; it was not his agreement, and he was not bound by it. The question propounded by the appellant to T. W. Davenport and J. T. Cox, which was as follows:—"Was it not generally understood by all the business men of Silverton that Gideon S. Cox, the appellant,

would not become responsible for any of Geo. W. Cox's debts or contracts, if he knew it?"—was clearly irrelevant and inadmissible. General notoriety, in respect to a matter of this character, could hardly be allowed to charge the respondent with notice; but if it could be shown, by competent testimony, that these matters were known to him, it could not affect any issue in this action. There is no question but that the appellant, in this particular instance, whatever may have been his general course, executed the bond sued on; and the only question to be determined is whether he was imposed on and induced to execute it by the fraud he alleges to have been practised upon him.

The last assignment we are called upon to consider refers to the refusal of the court below to give the following instruction to the jury, as asked by the appellant: "If the jury believe, from the testimony, that the defendant was an old and unlettered man, could neither read nor write, at the time he signed the bond; then, before the plaintiff is entitled to recover, you must be satisfied from the evidence that the plaintiff, or his agent, read over the bond to the defendant, explained it to him, and that the defendant fully understood its meaning and import."

The appellant's counsel has cited us to the case of *Selden* v. *Meyers, et al.*, as supporting his position. An examination of the whole decision will, we think, justify a different view. The syllabus goes to that extent, or nearly so, but the decision itself does not. The court say upon this point, "It is true that Selden is an unlettered man and can neither read nor write. He makes his mark to the instrument he executed, and dealing with such a person, it is incumbent on Meyers & Co. to show, past doubt, that he fully understood the object and import of the writing upon which they are proceeding to charge him." It is true the facts set out in the syllabus, being established by the evidence, were held sufficient in that case; but the court did not undertake to declare them to constitute an essential formula in every other case of the same

kind.    And we think no particular mode of informing a person of this class of the contents of a written instrument which he is about to execute, need be observed.    If he does, in fact, know and comprehend what it contains, no matter how he acquires his knowledge, it is sufficient.

There was, in our judgment, no error in refusing to give this instruction.    But, upon the ground above stated, the judgment must be reversed, and a new trial awarded.